1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GOOGLE LLC,

             Plaintiff,

     v.

PROLOY PONDIT, an individual, and
DOES 1-20,

             Defendants.

Case No.  24-cv-07463-SVK

**ORDER FOR REASSIGNMENT TO A
DISTRICT JUDGE**

**REPORT AND RECOMMENDATION
ON PLAINTIFF'S MOTION FOR
DEFAULT JUDGMENT**

Re: Dkt. No. 20

Before the Court is Plaintiff Google LLC's ("Google") Motion for Default Judgment ("Motion") against Defendants Proloy Pondit ("Pondit") and Does 1-20. Dkt. 20. In this action, Google alleges violations of California's Unfair Competition Law (the "UCL"), (Cal. Bus. & Prof. Code    § 17200 *et seq.*), and breach of contract under California state law stemming from Pondit's alleged business selling fake reviews published on Google's online services. Dkt. 20 at 3.

The Court issued a summons to Pondit on October 28, 2024. Dkt. 5. Google filed a Motion to Authorize Alternative Service, (Dkt. 15), which the Court granted on March 4, 2025. Dkt. 16. After Defendant failed to appear or respond to both the Complaint and Summons, Google filed a Motion for Entry of Default on May 07, 2025. Dkt. 18. On May 08, 2025, the Clerk of the Court entered default against Defendant. Dkt. 19. Google filed its Motion for Default Judgment on June 11, 2025. Dkt. 20. The Motion included a declaration by Google's counsel, Reece Trevor, (Dkt. 20-1 "Trevor Decl."), and an Affidavit of Service, (Dkt. 20-2).

The Court determines that the Motion is suitable for resolution without oral argument. Civ. L.R. 7-1(b). Although Google has consented to the jurisdiction of a magistrate judge, (Dkt. 10), Pondit has not appeared in this action and so has not. Therefore, the Court directs the Clerk

1    of the Court to **REASSIGN** this case to a District Judge along with the **RECOMMENDATION**

2    that the Google's motion for default judgement be **GRANTED IN PART** as recommended

3    below.  If Pondit later consents to magistrate judge jurisdiction, the case may be reassigned to the

4    undersigned magistrate judge.

5    **I.     BACKGROUND**

6           Google initiated this action on October 28, 2024, by filing a Complaint against Defendants

7    Pondit and Does 1-20.  *See* Dkt. 1 (the "Complaint").  The following facts are drawn from the

8    Complaint, the allegations of which, except for damages, the Court takes as true for the purposes

9    of evaluating a motion for default judgment.  *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915,

10   917–18 (9th Cir. 1987).

11          Google is a limited liability company incorporated in Delaware with its principal place of

12   business in California.  Dkt. 1, ¶ 7.  Google operates Google Maps, an online service providing

13   "detailed public listings of local business with accompanying ratings and reviews submitted by

14   Google Maps users."  *Id.*, ¶ 1, 3.  Local listings are search results appearing on Google Maps or

15   Google search that display businesses like "museums, dentists, hair salons, airports, law firms"

16   and others.  *Id.*, ¶ 15.

17           Individuals can browse local listings online which feature "user-created ratings and

18   reviews of the business associated with each listing."  *Id.*, ¶ 18.  An individual user review may

19   "award a business between one and five stars" and include a "narrative description of their

20   experiences with the business."  *Id.*, ¶ 19.  After a review is posted, "that review is visible publicly

21   on the business's local listing" along with the "business's average star review on its main local

22   listing page."  *Id.*

23          Anyone can view local listings on the internet, however a "user must create and log into a

24   free Google account in order to post a review on a local listing."  *Id.*  To sign up for a Google

25   account, the user must expressly agree to the Google Terms of Service ("TOS").  *Id.*, ¶ 49.

26   Posting reviews on Google Maps also requires adherence to the "Maps User Contributed Content

27   Policy" which requires that contributions are "based on real experiences and information," and

28   prohibits "[d]eliberately fake content" and "incorrect content."  *Id.*, ¶ 51.

United States District Court
Northern District of California

1    Defendant Pondit is an individual residing in Bangladesh who Google alleges operated the

2    website BigBoostUp.com ("BigBoostUp") to sell fake Google reviews between at "least October

3    2023 and September 2024." *Id.*, ¶ 8.  Google confirms Pondit's affiliation with BigBoostUp in

4    part by an order form on "BigBoostUp.com [which] provided Pondit's information for payment

5    and listed "Proloy Pondit" as the beneficiary for payment." *Id*.  In support of Google's motion for

6    alternative service, Google uncovered a Gmail email address, and multiple phone numbers

7    associated to Pondit that were used to post fake reviews.  Dkt. 15 at 3.

8    Google alleges that Pondit created fraudulent reviews with accounts for users who never

9    visited the business to "deceive customers and manipulate Google search results."  Dkt. 1, ¶23.

10   While still online, BigBoostUp advertised the purchase of "Google 5 star reviews" to "increase

11   trust and credibility in the eyes of potential customers and [] give [businesses] an edge over [their]

12   competition." *Id.*, ¶ 25.  Based on its investigation and belief, Google alleges that one account,

13   ("Account A"), is "affiliated with BigBoostUp and Pondit, [and] posted reviews for ten different

14   businesses across the United States over a span of only five days." *Id.*, ¶ 34.  Google alleges

15   another account, ("Account B"), engaged in fake reviews since the user of Account B suspiciously

16   "needed the services of three psychics, two water damage repair services, a car company, and a

17   gold buyer in six different cities in just three days." *Id.*, ¶¶ 47.  Google estimates that over "one

18   thousand fake reviews" were posted by Google accounts affiliated with BigBoostUp. *Id.*, ¶ 33.

19   Google's Motion seeks default judgment against Pondit for two claims: 1) violation of

20   California's Unfair Competition Law; and 2) breach of contract.  Dkt. 20 at 2.  Google served

21   Pondit on March 25, 2025, according to the Court's authorization of alternative service.  Dkt. 20-

22   2.  Pondit has not appeared in this action and the Clerk entered default against him on May 08,

23   2025.  Dkt. 19.

24   ////

25   ////

26   ////

27   ////

28   ////

United States District Court
Northern District of California

**II.     LEGAL STANDARD**

After entry of default, a court may, in its discretion, enter default judgment.  *See* Fed. R. Civ. P. 55; *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  Before entering default judgment, the Court must assess the adequacy of the service of process on the party against whom default is requested.  *See Trustees of ILWU-PMA Pension Plan v. Coates*, No. 11-cv-3998 EMC, 2013 WL 556800, at *4 (N.D. Cal. Feb. 12, 2013).  The Court must also determine whether it has subject matter jurisdiction over the action and personal jurisdiction over the parties.  *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

In evaluating a motion for default judgment, "the court takes the factual allegations in the complaint as true, except those relating to the amount of damages."  *BBK Tobacco & Foods, LLP v. Aims Grp. USA Corp.*, 723 F. Supp. 3d 973, 981 (D. Nev. 2024) (citing *TeleVideo Sys.*, 826 F.2d at 917-18).  To determine whether default judgment is appropriate, courts consider seven factors set forth by the Ninth Circuit:  (1) the possibility of prejudice to the plaintiff;  (2) the merits of plaintiff's substantive claims;  (3) the sufficiency of the complaint; (4) the sum of money at stake in the action;  (5) the possibility of dispute concerning material facts;  (6) whether default was due to excusable neglect;  and (7) the strong policy under the Federal Rules of Civil Procedure favoring decisions on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  When a court grants default judgment, the scope of relief is limited by Federal Rule of Civil Procedure 54(c):  "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."

**III.     DISCUSSION**

**A.     The Court Has Subject Matter and Personal Jurisdiction**

When a default judgment is sought, the court "has an affirmative duty to look into its jurisdiction over both the subject matter and the parties."  *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) (cleaned up).  Here, the Court has proper subject matter jurisdiction by diversity jurisdiction under 28 U.S.C. § 1332.  The Parties are completely diverse as Google LLC is a company incorporated in Delaware with its principal place of business in California, and Pondit is an individual residing in a foreign country (Bangladesh).  Dkt. 1, ¶¶ 7-8.  Also, the amount in

United States District Court
Northern District of California

1    controversy exceeds $75,000.  *Id.*, ¶ 11.  Therefore, the Court has proper subject matter

2    jurisdiction.

3         The Court has personal jurisdiction over Pondit because Google sufficiently alleges Pondit

4    consented to personal jurisdiction.  "Because the personal jurisdiction requirement is a waivable

5    right, there are a 'variety of legal arrangements' by which a litigant may give 'express or implied

6    consent to the personal jurisdiction of the court.'"  *Dow Chem. Co. v. Calderon*, 422 F.3d 827, 831

7    (9th Cir. 2005) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985)).  "For

8    instance, 'parties to a contract may agree in advance to submit to the jurisdiction of a given

9    court.'"  *Dow Chem.*, 422 F.3d at 831 (citing *Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311,

10   316 (1964)).  Google alleges Pondit created Google accounts, which required Pondit to "expressly

11   agree to the Google Terms of Service," including a choice of venue provision stating:  "disputes

12   will be resolved exclusively in the federal or state courts of Santa Clara County, California, USA,

13   and [the user] and Google consent to personal jurisdiction in those courts."  Dkt. 1, ¶¶ 12-13, 49

14   n.2.  Courts have found that similar terms and acceptance by account creation "manifests consent

15   to personal jurisdiction in this District."  *Google LLC v. Does 1-3*, No. 23-cv-05823-VKD, 2024

16   WL 3739671, at *3 (N.D. Cal. July 1, 2024) (collecting cases).  Accordingly, the Court finds it

17   may properly exercise personal jurisdiction over Pondit due to his consent to personal jurisdiction.

18        **B.     Service of Process was Adequate**

19        The Court must also review service of process before granting default judgment because

20   "if service were improper, that may well explain the failure of a defendant to appear in a lawsuit."

21   *Folkmanis, Inc. v. Uptown Toys LLC*, No. 18-cv-00955-EMC, 2018 WL 4361140, at *2 (N.D. Cal.

22   Sep. 13, 2018).  The Court previously issued an order granting Google's Motion for Alternative

23   Service pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure.  Dkt. 16.  That rule

24   "permits service in a place not within any judicial district of the United States by means not

25   prohibited by international agreement as may be directed by the court."  *Rio Properties, Inc. v. Rio

26   Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002) (quoting Fed. R. Civ. P. 4(f)(3)) (cleaned up).

27        Here, Google filed its affidavit of service attesting that on March 25, 2025, it served Pondit

28   by email and text message via Pondit's WhatsApp account associated with his mobile phone

1    number.  Trevor Decl., ¶¶ 3-4.  Google's Motion states that "[Pondit's] Gmail account has been

2    accessed since March 25, 2025, and information from the WhatsApp messaging service that

3    Google used to serve Pondit by text message indicates that the messages and its attached

4    documents were delivered successfully."  Dkt. 20 at 3-4 (citing Trevor Decl., ¶ 5).  In similar

5    circumstances, courts in this District have found service of process was proper.  *See e.g.*, *Google*

6    *LLC v. Does 1-3*, No. 23-cv-05823-VKD, 2024 WL 3739671, at *4 (N.D. Cal. July 1, 2024)

7    (finding defendant situated outside of the United States was properly served by email and text

8    message).  Therefore, the Court finds service of process on Pondit was proper.

9            **C.      The *Eitel* Factors Support Entry of Default**

10           After concluding the requirements for jurisdiction and service of process are met, the Court

11   next considers the *Eitel* factors.  Upon consideration, the factors as a whole weigh in favor of entry

12   of default judgment in this action.  For this review, the court takes a Complaint's well-plead

13   factual allegations as true, "except those relating to the amount of damages."  *TeleVideo Sys.*, 826

14   F.2d at 917-18.

15           **1.      *Eitel* Factor 1: Prejudice to the Plaintiffs**

16           Google would likely suffer prejudice in the absence of default judgment.  Given Pondit's

17   complete failure to appear in this action, without entering default judgment, Google would have

18   no recourse for their claims and no relief preventing Pondit from "resuming his practice and

19   continuing to promote fake Google reviews."  Dkt. 20 at 5.

20           **2.      *Eitel* Factors 2 and 3:  The Merits of Plaintiffs' Claims and the
             Sufficiency of the Complaint**

21

22           Under the second and third *Eitel* factors the Court must determine whether Google pleaded

23   facts sufficient to show a likelihood of success on the merits of its claims against Pondit.  Google

24   claims violations of California's Unfair Competition law and breach of contract regarding Pondit's

25   agreement to Google's TOS.  The Court addresses the claims in turn.

26   ////

27   ////

28   ////

United States District Court
Northern District of California

United States District Court
Northern District of California

1

**a.    Unfair Competition Law**

2      The UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair,

3   deceptive, untrue or misleading advertising."  Cal. Bus. & Prof. Code § 17200.  The UCL provides

4   a separate theory of liability under each of the three prongs:  "unlawful," "unfair," and

5   "fraudulent."  *Stanwood v. Mary Kay, Inc.*, 941 F. Supp. 2d 1212, 1222 (C.D. Cal. 2012) (citing

6   *Lozano v. AT & T Wireless Servs., Inc.*, 504 F.3d 718, 731 (9th Cir. 2007)).  For the "unlawful"

7   prong, the "UCL "borrows" violations of other laws as unlawful practices and then provides an

8   independent action."  *Samet v. Procter & Gamble Co.*, No. 12-cv-01891-PSG, 2013 WL 6491143,

9   at *1 (N.D. Cal. Dec. 10, 2013) (citing *Farmers Ins. Exch. v. Superior Court*, 2 Cal.4th 377, 383

10  (1992)).

11     Here, Google claims that violations of the Federal Trade Commission's ("FTC")

12  regulations constitute an "unlawful business practice under" the UCL.  Dkt 20 at 6.  Google

13  alleges Pondit violated the FTC regulatory guidance that endorsements and testimonials should

14  "reflect the honest opinions, findings, beliefs, or experience" of the endorser.  *Id.* (citing C.F.R. §

15  255.1(a)).  Although the FTC's guides "generally do not have the force and effect of law …

16  violations of the FTC Act can be actionable through a UCL cause of action."  *BHRS Grp., LLC v.*

17  *Brio Water Tech., Inc.*, No. 20-cv-07652 JWH (JCX), 2020 WL 9422352, at *9 (C.D. Cal. Dec.

18  14, 2020) (citing 15 U.S.C. §§ 45 & 57a(a)(1) and *Rubenstein v. Neiman Marcus Group LLC*, 687

19  F. App'x 564, 567 (9th Cir. 2017) (explaining that "although the FTC Guides do not provide a

20  private civil right of action, virtually any state, federal or local law can serve as the predicate for

21  an action under the UCL.") (cleaned up)).  Google's Complaint sufficiently alleges Pondit violated

22  the FTC guidelines regarding testimonials, and Google's purported economic harm from

23  "expending significant resources to investigate Pondit's wrongdoing" justifies statutory standing

24  for a UCL claim.  Taking Google's well-pleaded allegations as true and permitting an actionable

25  "unlawful" UCL claim for violations of FTC regulations, the Court finds Google sufficiently

26  states a claim for relief under the UCL.  Thus, the second and third *Eitel* factors weigh in favor of

27  default judgment regarding Google's UCL claim.

28  ////

1

### b. Breach of Contract

2      To state a claim for breach of contract under California law, a plaintiff must plead "(1) the

3   existence of a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's

4   breach, and (4) resulting damages to plaintiff." *Google LLC v. Does 1-3*, 2024 WL 3739671, at *6

5   (N.D. Cal. July 1, 2024) (citing *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011)).

6   As discussed below, Google has sufficiently plead a claim for breach of its TOS.

7      First, accepting Google's allegations as true, a valid contract exists between Google and

8   Pondit because Pondit agreed to be bound by Google's TOS by creating his Google account.  Dkt.

9   1, ¶¶ 34, 49;  *see Meta Platforms, Inc. v. Arowokoko*, No. 22-cv-00803-DMR, 2023 WL 3035454,

10  at *4 (N.D. Cal. Feb. 24, 2023) (finding a contract existed where the user agreed to Facebook's

11  Terms by creating a Facebook account and accessing Facebook's services).  Second, Google

12  alleges that it performed its obligations under the TOS by "providing to Pondit Google Drive and

13  Gmail Services, among others." *Id.*, ¶ 62.  Third, Google alleges that Pondit breached the TOS in

14  part by posting on Google Maps "deliberately fake content, not based on real experiences and

15  information" in violation of the Maps User Contributed Content Policy. *Id.*, ¶¶ 52-53.  Fourth,

16  Google alleges that Pondit's breaches resulted in damages to Google including the costs of

17  "Google's investigation into [Pondit's] practices and the impact on Google's credibility, goodwill,

18  and user experience." *Id.*, ¶¶ 59-60.

19     Therefore, the Court finds that Google's allegations sufficiently state a claim for breach of

20  contract, and the factual allegations support a likelihood of success on the merits of this claim.

21  Accordingly, the second and third *Eitel* factors weigh in favor of default judgment regarding

22  Google's breach of contract claim.

23         ### 3. *Eitel* Factor 4: The Amount of Money at Stake

24     The fourth *Eitel* factor concerns the amount of money at stake in in the action. *Eitel*, 782

25  F.2d at 1471.  Here, no money is at stake.  Although Google sought monetary relief in its

26  Complaint, (Dkt. 1 at 18), Google now seeks "only an injunction." Dkt. 20 at 7.  In cases where

27  no money is at stake, this factor often weighs in favor of entering default judgment. *See Google,*

28  *Inc. v. Jackman*, No. 10-cv-04264 EJD, 2011 WL 3267907, at *4 (N.D. Cal. July 28, 2011)

United States District Court
Northern District of California

8

United States District Court
Northern District of California

("Because money is not at stake, the fourth factor favors entry of judgment."); *see also Google LLC v. Does 1-3*, 2024 WL 3739671, at *6 (N.D. Cal. July 1, 2024) (collecting cases). Accordingly, the fourth *Eitel* factor weighs in favor of default judgment.

#### 4.   *Eitel* Factor 5:  Possibility of Disputed Facts

The fifth *Eitel* factor addresses the possibility of a dispute concerning material facts.  Here, there is little possibility of disputed material facts.  Google has filed a sufficiently plead complaint for both of its claims, including screenshots of the alleged conduct, and the Court is aware of no other indication of factual disputes.  The fifth *Eitel* factor weighs in favor of default judgment.

#### 5.   *Eitel* Factor 6:  Whether Default Was Due to Excusable Neglect

As discussed above, service of process on Pondit was proper.  *See, supra*, § III.B. Furthermore, Pondit's apparent acknowledgment of this action in the media also reduces the chances that the failure to appear was caused by excusable neglect.  *See* Dkt. 20-3 at 2. Accordingly, the sixth *Eitel* factor weighs in favor of default judgment.

#### 6.   *Eitel* Factor 7:  The Policy Favoring Decisions on the Merits

Finally, because the other *Eitel* factors weigh in favor of default judgement, this overcomes the seventh *Eitel* factor regarding the strong policy favoring decisions on the merits.  The Court accordingly **RECOMMENDS GRANTING** Google's Motion for Entry of Default Judgment and **RECOMMENDS GRANTING IN PART** Google's requested relief as set forth below.

## IV.   RECOMMENDED RELIEF

### A.   Injunctive Relief

The Court addresses Google's entitlement to injunctive relief, then addresses the specific relief requested.

#### 1.   Google is Entitled to Injunctive Relief

To obtain injunctive relief, a plaintiff must show:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006). Generally, when a plaintiff establishes breach of contract, they are entitled to recover the "amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things would likely to result therefrom." *Google, Inc. v. Jackman*, 2011 WL 3267907, at \*5 (N.D. Cal. July 28, 2011) (citing Cal. Civ. Code § 3300). Yet, in a claim for breach of contract, injunctive relief may also be appropriate. *Smith v. Mendonsa,* 108 Cal.App.2d 540, 544 (1952); *see e.g.*, *Google, Inc. v. Jackman*, 2011 WL 3267907, at \*5 (N.D. Cal. July 28, 2011) (finding Google entitled to injunction where defendant's breach of contract would "persist unless they are prohibited from doing so.").

Here, the Court concludes failure to issue a permanent injunction will expose Google to continued irreparable injury. Although BigBoostUp's website is no longer publicly available, Google alleges that Defendants will "continue[] to advertise, sell, and post fake reviews on Google services through other channels." Dkt. 1 at n.1.[1] Absent a default judgment and injunctive relief, "Google would have no way to prevent Pondit from resuming his practice and continuing to promote fake Google reviews." Dkt. 20 at 5. Pondit's violation of Google's TOS threatens ongoing injury for which other legal remedies, including monetary damages, are inadequate to cure the harm caused by fake reviews. Therefore, Google is entitled to injunctive relief. The Court now turns to the scope of relief as requested in Google's proposed order.

### 2. Sections (a) and (b) of Google's Requested Relief are Narrowly Tailored, but Section (c) is Overbroad

Generally, "an injunction must be narrowly tailored to remedy only the specific harms shown by the plaintiffs rather than to enjoin all possible breaches of the law." *Iconix, Inc. v. Tokuda,* 457 F. Supp. 2d 969, 998–1002 (N.D.Cal.2006) (citing *Price v. City of Stockton,* 390 F.3d 1105, 1117 (9th Cir.2004)). Rule 65(d) requires courts to specifically state the terms of the injunction and to "describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." *Id.* (citing Fed. R. Civ. Proc. 65(d)(1)(B)-(C)).

_____

[1] In a parallel action, Amazon LLC is suing Defendants in the Western District of Washington alleging similar fake product reviews on the Amazon.com store. Dkt. 1 at ¶ 2.

1    Moreover, "[a] default judgment must not differ in kind from, or exceed in amount, what is

2    demanded in the pleadings." Fed. R. Civ. Proc. 54(c).

3         Google requests the Court permanently enjoin Pondit and his "agents, servants, employees,

4    and all other persons who are in active concert or participation with [Pondit]" from:

5         "a. Creating, offering to create, or employing or engaging others to
          create reviews on services owned or operated by Google LLC
6         ("Google"), including without limitation Google Maps and Google
          Business Profiles, that do not reflect authentic user experiences;
7

8         b. Offering to sell reviews on services owned or operated by Google
          LLC ("Google"), including without limitation Google Maps and
9         Google Business Profiles;

10        c. Using any Google accounts in violation of Google's Terms of
          Service or otherwise accessing Google services in violation of
11        Google's Terms of Service[]".

12   Dkt. 20-5 at 2 (proposed order). Google argues the request is narrowly tailored because the

13   "[proposed] order sets forth 'the act or acts restrained or required' by obligating the enjoined

14   parties to refrain from selling fake Google reviews, inducing others to do the same, or otherwise

15   violating Google's T[O]S…." *Id.* (citing Fed. R. Civ. Proc. 65(d)(1)(C)). Sections (a) and (b) of

16   the requested relief comply with Rule 65(d) by appropriately targeting Pondit's conduct

17   underlying the UCL and breach of contract claims. For example, section (a) seeks to enjoin

18   Pondit from "[c]reating, offering to create" or employing others to create reviews and section (b)

19   seeks to enjoin Pondit from "offering to sell reviews" on Google services including Google Maps

20   and Google Business Profiles. Dkt. 20-5 at 2. Also, Google's requested relief appropriately

21   binds only Pondit and his "agents, servants, employers, and all other persons who are in active

22   concert or participation" with him in accordance with the limits of Rule 65(d)(2). Dkt. 20 at 9.

23        However, section (c) of the requested injunction appears to generally prohibit the violation

24   of any of Google's TOS on all of Google's platforms. Section (c) of Google's request is therefore

25   not "narrowly tailored to defendant's breaching conduct." *Google LLC v. Does 1-3*, 2024 WL

26   3739671, at *10 (N.D. Cal. July 1, 2024) (denying portion of request for injunction because

27   request was "a general proscription against defendants violating any and all Google TOS."); *see*

28

United States District Court
Northern District of California

United States District Court
Northern District of California

1    *also Google, Inc. v. Jackman*, 2011 WL 3267907, at \*6 (N.D. Cal. July 28, 2011) (rejecting

2    proposed injunction that "attempt[s] to prevent Defendants from violating the terms and

3    conditions of all Google programs").

4       Because sections (a) and (b) of Google's proposed injunction are tailored specifically to

5    Pondit's conduct alleged in the Complaint, yet section (c) is overbroad, Google's proposed

6    injunction does not fully comport with Rule 65(d). The Court therefore **RECOMMENDS** relief

7    be granted in part as described below.

8    **V.  CONCLUSION**

9       For the foregoing reasons, the Court **ORDERS REASSIGNMENT** of this case to a

10    District Judge and **RECOMMENDS** that Google's Motion be granted in part as follows:

11       1. Default judgment be **granted** in Google's favor against Pondit on the merits of the UCL

12    claim and the breach of contract claim.

13       2. Google's request for a permanent injunction be **granted in part**, enjoining Pondit, his

14    agents, servants, employees and all other persons who are in active concert or participation

15    with him from:

16         a. Creating, offering to create, or employing or engaging others to create reviews

17         on services owned or operated by Google LLC ("Google"), including without

18         limitation Google Maps and Google Business Profiles, that do not reflect authentic

19         user experiences; and

20         b. Offering to sell reviews on services owned or operated by Google LLC

21         ("Google"), including without limitation Google Maps and Google Business

22         Profiles;

23       3. Google's request for a permanent injunction against Defendants breach of Google's

24    Terms of Service, as included in section (c) of the proposed injunction, be **denied**.

25       Google shall promptly serve Pondit with a copy of this report and recommendation in the

26    same manner authorized for service of the complaint and summons, consistent with this Court's

27    March 4, 2025 order, (Dkt. 16), and shall file proof of service within 7 days.

28       Any party may file objections to this report and recommendation within 14 days after

1    being served with a copy.  *See* 28 U.S.C. § 6369(b)(1);  Fed. R. Civ. P. 72(b);  Civ. L.R. 72-3.

2    Failure to file an objection may waive the right to review of the issue in the District Court.

3

4            **SO ORDERED.**

5    Dated:  August 5, 2025

6

7                                              _Susan van Keulen_

8                                              SUSAN VAN KEULEN
                                               United States Magistrate Judge

United States District Court
Northern District of California

13